**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN MARTIN SPAULDING,

    Plaintiff,

vs.                                    Case No.:   3:16-cv-841-J-34JRK
                                                                              3:12-cr-159-J-34JRK

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER

This case is before the Court on Petitioner John Martin Spaulding's "Motion for Transcripts at Government's Expense Pursuant to 18 U.S.C. § 3006A(g)" ("Motion"). (Doc. 6).[1] Petitioner requests the minutes and transcripts of his plea colloquy and sentencing hearing.

Title 28, United States Code, § 753(f), states in relevant part:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f); see also 28 U.S.C. § 2250. Thus, § 753(f) permits transcripts to be provided at no cost to a habeas litigant if he qualifies to proceed in forma pauperis ("IFP"). Under 28 U.S.C. § 1915(a)(1)-(2), in order to proceed IFP, a prisoner must provide both (1) an affidavit of indigence and (2) a statement of his or her assets. To provide a

---

[1] Citations to the record in the underlying criminal case, United States vs. John Martin Spaulding, Case No. 3:12-cr-159-J-34JRK, will be denoted as "Crim. Doc. __." Citations to the record in the civil § 2255 case, 3:16-cv-841-J-34JRK, will be denoted as "Doc. __."

1

statement of assets, prisoners must specifically provide a certified copy of their prison trust fund account for the preceding six months.

Petitioner has not done this yet, so he does not qualify to proceed IFP. Because Petitioner does not qualify to proceed IFP, he does not yet qualify to receive transcripts at the government's expense under 28 U.S.C. § 753(f).

Petitioner states that he "was found indigent by this Honorable Court and pursuant to the Criminal Justice Act, was appointed counsel." Motion at 1. The record reflects, however, that while the Court found Petitioner indigent and appointed him counsel in the criminal case (see Crim. Doc. 12), the Court has yet to make the same finding here in the civil § 2255 case. And, a § 2255 case is a separate civil case from the underlying criminal case. See United States v. Jordan, 915 F.2d 622, 628 (11th Cir. 1990) (observing that "proceedings under § 2255 are not proceedings in the original criminal prosecution; rather, the filing of a motion pursuant to § 2255 is akin to initiating an independent civil suit"); United States v. Dunham Concrete Prods., Inc., 501 F.2d 80, 81 (5th Cir. 1974) ("This Circuit has long taken the view that § 2255 proceedings are, like habeas matters, civil actions mainly standing on their own bottoms...."); Rosecrans v. United States, 378 F.2d 561, 565–66 (5th Cir.1967) ("A motion under § 2255 ... is an independent civil proceeding, and it is not a part of the proceedings in the criminal case in which the sentence attacked was imposed."). As such, a finding of indigence in the preceding criminal action does not necessarily carry over into the civil § 2255 action. Petitioner must establish that he qualifies to proceed IFP in this action before he may receive transcripts at no cost to him.

Accordingly, it is hereby

**ORDERED:**

1. The Motion (Doc. 6) is **DENIED WITHOUT PREJUDICE** to Petitioner resubmitting a motion for transcripts once he establishes that he is eligible to proceed IFP.

2. The Court has enclosed AO Form 240 ("Application to Proceed in District Court Without Prepaying Fees or Costs") (Short Form) if Petitioner wishes to apply for IFP status.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of August, 2016.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

Copies:

Petitioner John Martin Spaulding
Counsel of record

Encl:

AO Form 240