UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN MARTIN SPAULDING,

    Petitioner,

vs.                                     Case No.    3:16-cv-841-J-34JRK
                                                                                              3:12-cr-159-J-34JRK

UNITED STATES OF AMERICA,

    Respondent.
_____

## ORDER

This case is before the Court on Petitioner John Martin Spaulding's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 35, Amended § 2255 Motion) and Supplemental Memorandum in Support (Civ. Doc. 36, Supporting Memorandum).[1] Spaulding argues that his sentence, to the extent it is based on two convictions under 18 U.S.C. § 924(c) for discharging a firearm in furtherance of a crime of violence, is unconstitutional in light of the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015), and United States v. Davis, 139 S. Ct. 2319 (2019). The United States has filed a response in opposition. (Civ. Doc. 37, Response). Spaulding did not file a reply. Thus, the case is ripe for a decision.

Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[2], the Court has considered the need for an evidentiary hearing and

---

[1] Citations to the record in the civil § 2255 case, No. 3:16-cv-841-J-34JRK, are denoted "Civ. Doc. __." Citations to the record in the underlying criminal case, No. 3:12-cr-159-J-34JRK, are denoted "Crim. Doc. __."

[2] Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion.

1

determines that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief); Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007).[3] For the reasons set forth below, Spaulding's Amended § 2255 Motion is due to be denied.

## I.   Background

Between May 2012 and July 2012, Spaulding was involved in a string of armed robberies targeting three pharmacies and a gas station in Jacksonville, Florida. On September 20, 2012, a federal grand jury returned a seven-count indictment against him. (Crim. Doc. 1, Indictment). As relevant here, in Count Two the United States charged Spaulding with Hobbs Act robbery of a Walgreens pharmacy, in violation of 18 U.S.C. § 1951(a), and in Count Three charged him with discharging a firearm in furtherance of that robbery, in violation of § 924(c). In Count Six the United States charged Spaulding with aiding and abetting an attempted Hobbs Act robbery of a different Walgreens pharmacy and in Count Seven charged him with discharging a firearm in furtherance of that attempted robbery.

On April 24, 2013, Spaulding pled guilty to Counts Two, Three, Six, and Seven of the Indictment pursuant to a written plea agreement. (Crim. Doc. 46, Plea Agreement; Crim. Doc. 67, Plea Transcript). In doing so, Spaulding admitted that on June 13, 2012,

---

[3] Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

he entered a Walgreens pharmacy, held a pistol in his hand, and demanded that an employee give him money from the cash register. Plea Agreement at 22; Plea Tr. at 38. Spaulding further admitted that during the robbery he fired the pistol once into the ceiling and fled the scene with about $144 from the cash register. Plea Agreement at 22; Plea Tr. at 38. Spaulding also admitted that on July 18, 2012, he and a co-conspirator entered a different Walgreens pharmacy and demanded money and prescription drugs. Plea Agreement at 22; Plea Tr. at 38. Spaulding admitted that during the attempted robbery, he (not the co-conspirator) fired a pistol at the ceiling and several times at the pharmacy door. Plea Agreement at 22; Plea Tr. at 38. The store's duty manager heard the robbery in progress and contacted the police, who surrounded the store and arrested Spaulding. The Magistrate Judge who presided over the change-of-plea hearing recommended that the Court accept Spaulding's guilty plea because the colloquy established "that the guilty plea was knowledgeable and voluntary, and that the offenses charged are supported by an independent basis in fact containing each of the essential elements of such offenses." (Crim. Doc. 47, Report and Recommendation Concerning Guilty Plea). Without objection, the Court accepted Spaulding's guilty plea and adjudicated him accordingly. (Crim. Doc. 48, Acceptance of Guilty Plea).

The Court sentenced Spaulding to a total term of 456 months in prison. (Crim. Doc. 58, Judgment; Crim. Doc. 65, Sentencing Transcript at 21). The sentence consisted of concurrent terms of 36 months in prison as to the robbery and attempted robbery charged in Counts Two and Six, a consecutive term of 120 months in prison as to the § 924(c) offense charged in Count Three, and a term of 300 months in prison as to the § 924(c) offense charged in Count Seven, running consecutively with all other sentences. Judgment

at 2. Spaulding did not appeal the sentence.

## II.     Course of the Proceedings

On June 22, 2016, Spaulding filed a pro se motion to vacate sentence under 28 U.S.C. § 2255. (See Civ. Doc. 1, § 2255 Motion at 5). Spaulding contended that his 18 U.S.C. § 924(c) convictions were invalid in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Spaulding later moved for the appointment of counsel, which the Court granted by appointing the Office of the Federal Public Defender. (Civ. Docs. 10, 11). After the Court stayed the case pending the Supreme Court's decisions in Sessions v. Dimaya, 138 S. Ct. 1204 (2018), and Davis, 139 S. Ct. 2319, Spaulding filed the Amended § 2255 Motion and Supporting Memorandum through counsel. In the Amended § 2255 Motion, Spaulding added a claim that his § 924(c) convictions are invalid in light of the Supreme Court's decision in Davis, which held that the so-called "residual clause" or "risk-of-force clause" of § 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. at 2336.

In its Response to the Amended § 2255 Motion, the United States argues that Spaulding's Johnson claim is untimely under § 2255(f) because Johnson is not applicable, Response at 6-7, that Spaulding's vagueness challenge to the § 924(c) convictions is procedurally defaulted, id. at 8-9, and that Spaulding cannot overcome the procedural default under the cause-and-prejudice or actual innocence exceptions, id. at 9-13. Additionally, the United States argues that Spaulding's claims lack merit because Davis's holding does not affect the validity of his § 924(c) convictions. Id. at 13-17. Specifically, the United States contends that the predicate crimes of violence – Hobbs Act robbery and aiding and abetting attempted Hobbs Act robbery – remain crimes of violence under §

4

924(c)(3)(A)'s elements clause. Id.

### III.  Discussion

Pursuant to Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges on four specific grounds: (1) the imposed sentence was in violation of the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C §2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979). A prisoner's challenge to his conviction and sentence under 18 U.S.C. § 924(c) is cognizable on collateral review. See In re Pinder, 824 F.3d 977 (11th Cir. 2016) (granting prisoner's application to file a second or successive motion to vacate to challenge his § 924(c) conviction based on Johnson).

### A.  Section 924(c), Johnson, and Davis

Under 18 U.S.C. § 924(c), a person who discharges a firearm during or in relation to a "crime of violence" or a "drug trafficking crime" is subject to a mandatory minimum sentence of ten years in prison, which must be consecutive to any sentence for the underlying crime of violence or drug trafficking crime. 18 U.S.C. § 924(c)(1)(A)(iii). And, under the statute in effect when Spaulding committed the offenses, "[i]n the case of a second or subsequent conviction under this subsection, the person shall – (i) be sentenced

5

to a term of imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(1)(C) (2006). The term "crime of violence" means an offense that is a felony and--

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id., § 924(c)(3). Subsection (A) is referred to as the "elements clause" or the "use-of-force clause," and subsection (B) is referred to as the "residual clause" or the "risk-of-force" clause. Ovalles v. United States, 905 F.3d 1231, 1234 & n.1 (11th Cir. 2018) (en banc) ("Ovalles II"), abrogated by Davis, 139 S. Ct. 2319.

In Johnson v. United States, the Supreme Court held that language in the Armed Career Criminal Act (ACCA) that resembled § 924(c)(3)'s risk-of-force clause was unconstitutionally vague. See Johnson, 135 S. Ct. at 2563. The ACCA is a recidivist statute, which imposes a 15-year mandatory minimum prison sentence on anyone who possesses a firearm after receiving three or more convictions for a "serious drug offense" or a "violent felony," or both, committed on different occasions. See 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year" that –

> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>[.]

Id., § 924(e)(2)(B) (emphasis added). The last fifteen words of subsection (ii), which are emphasized above, constitute the ACCA's "residual clause." Beeman v. United States,

6

871 F.3d 1215, 1218 (11th Cir. 2017) (citation omitted). The Johnson Court focused on two features of the residual clause that, combined, create "hopeless indeterminacy" in deciding whether the clause applied to a prior conviction: (1) a hazy "serious potential risk" standard combined with (2) use of the so-called categorical approach, which "ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements," and thus "leaves grave uncertainty about how to estimate the risk posed by a crime." Johnson, 135 S. Ct. at 2557-58. But

> the Court made clear that application of the categorical approach was the hinge on which its vagueness determination turned: "It is one thing," the Court stressed, "to apply an imprecise 'serious potential risk' standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction" of the sort required by the categorical approach. Continuing in the same vein, the Court reiterated that "[a]s a general matter, we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct."

Ovalles II, 905 F.3d at 1238 (internal citations omitted) (quoting Johnson, 135 S. Ct. at 2558, 2561). The Supreme Court did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Johnson, 135 S. Ct. at 2563. In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court made its ruling in Johnson retroactively applicable to cases on collateral review.

Then, in Sessions v. Dimaya, 138 S. Ct. 1204 (2018), the Supreme Court extended Johnson's holding to the definition of the phrase "crime of violence" found in 18 U.S.C. § 16(b), as that statute is applied in the immigration context. Section 16(b) defines the term "crime of violence" to mean "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). This language is

7

similar to the ACCA's residual clause and virtually identical to § 924(c)(3)'s risk-of-force clause. The Supreme Court reasoned that the same two features that doomed the ACCA's residual clause plagued § 16(b): (1) an imprecise "substantial risk" standard combined with (2) application of the categorical approach. Dimaya, 138 S. Ct. at 1215-16, 1223. As in Johnson, the Dimaya Court did not cast doubt on the constitutionality of a qualitative, "non-numeric standard" as applied to real-world conduct. Id. at 1215. Rather, it said that the problem comes from "applying such a standard to a 'judge-imagined abstraction' – i.e., 'an idealized ordinary case of the crime.' It is then that the standard ceases to work in a way consistent with due process." Id. at 1215-16 (internal citation omitted) (quoting Johnson, 135 S. Ct. at 2558, 2561).

Following Johnson and Dimaya, the Supreme Court in Davis confronted the fate of § 924(c)(3)(B). In Davis, all sides agreed that § 924(c)(3)(B) would be doomed as unconstitutionally vague if the categorical approach were applied. Davis, 139 S. Ct. at 2324, 2326-27. But the government argued that § 924(c)(3)(B) could be saved by reading the statute as applying to the specific facts of a defendant's actual conduct. Id. at 2327. However, upon examining the text and history of § 924(c), the Supreme Court rejected the government's interpretation and found that § 924(c)(3)(B) required application of the categorical approach. Id. at 2327-32. Ultimately, the Supreme Court concluded that § 924(c)(3)'s risk-of-force clause, just like the ACCA's residual clause and § 16(b), was void for vagueness. Id. at 2336. Notably, as in Johnson, the Court did not question the validity of the statute's elements clause, § 924(c)(3)(A). The Eleventh Circuit later held that Davis announced a substantive new rule that applies retroactively on collateral review. In re Hammoud, 931 F.3d 1032, 1038-39 (11th Cir. 2019).

## B. Spaulding's § 924(c) Convictions Do Not Rely on the Risk-of-Force Clause[4]

Spaulding's Amended § 2255 Motion is due to be denied on the merits because his § 924(c) convictions do not depend on § 924(c)(3)'s risk-of-force clause. The predicate offenses underlying the § 924(c) convictions – Hobbs Act robbery and aiding and abetting attempted Hobbs Act robbery – are crimes of violence under § 924(c)(3)'s elements clause.

Spaulding's first § 924(c) conviction is for discharging a firearm in furtherance of Hobbs Act robbery, as set forth in Counts Two and Three of the Indictment, Plea Agreement, and Judgment. The Eleventh Circuit Court of Appeals has held that Hobbs Act robbery categorically qualifies as a "crime of violence" under § 924(c)(3)(A) because it has as an element the use, attempted use, or threatened use of physical force against the person or property of another. United States v. St. Hubert, 909 F.3d 335, 345 (11th Cir. 2018), cert. denied, 139 S. Ct. 1394 (2019), abrogated on other grounds by Davis, 139 S. Ct. 2319; In re Saint Fleur, 824 F.3d 1337, 1340-41 (11th Cir. 2016).

Spaulding's second § 924(c) conviction is for discharging a firearm in furtherance of aiding and abetting attempted Hobbs Act robbery, as set forth in Counts Six and Seven. The Eleventh Circuit Court of Appeals has held that, "[l]ike completed Hobbs Act robbery, attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause because that clause expressly includes 'attempted use' of force." St. Hubert, 909 F.3d at 351 (emphasis in original). Moreover, the Eleventh Circuit has held that aiding and abetting Hobbs Act robbery is a crime of violence as well under §

---

[4]   For the purposes of this Order, the Court assumes that Spaulding's Amended § 2255 Motion is timely under 28 U.S.C. § 2255(f), and that his challenge to the § 924(c) convictions is not procedurally defaulted.

9

924(c)(3)'s elements clause. In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016). In In re Colon, the court explained: "Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all the elements of a principal Hobbs Act robbery." Id. (citation omitted). Likewise, "an aider and abettor of [an attempted] Hobbs Act robbery necessarily commits all the elements of [an attempted] Hobbs Act robbery." Id.

Accordingly, neither of Spaulding's § 924(c) convictions relies on the now-invalid risk-of-force clause. As Spaulding recognizes in his Supporting Memorandum, Eleventh Circuit precedent holds that both Hobbs Act robbery and aiding and abetting Hobbs Act robbery are "crimes of violence" under § 924(c)(3)(A)'s elements clause. Supporting Memorandum at 7. Because Davis and Johnson do not invalidate Spaulding's § 924(c) convictions, his Amended § 2255 Motion is due to be denied.

### IV. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Spaulding seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Spaulding "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

As such, and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby

**ORDERED**:

1. Petitioner John Martin Spaulding's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 35) is **DENIED**.

2. The Clerk shall enter judgment in favor of the United States and against Spaulding, and close the file.

3. If Spaulding appeals the denial of the Amended § 2255 Motion, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of September, 2020.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:

Counsel of record
Pro se petitioner